```
 1
 2
 3
 4
 5
 6                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
 7                                    AT SEATTLE

 8   JACQUELYN McCARTEN,

 9                         Plaintiff,         CASE NO. C17-1143-MAT

10        v.
                                              ORDER RE: SOCIAL SECURITY
11   NANCY A. BERRYHILL, Acting               DISABILITY APPEAL
     Commissioner of Social Security,
12
                           Defendant.
13
```

14    Plaintiff Jacquelyn McCarten proceeds through counsel in her appeal of a final decision of

15 the Commissioner of the Social Security Administration (Commissioner). The Commissioner

16 denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an

17 Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative

18 record (AR), and all memoranda of record, this matter is AFFIRMED.

19                           **FACTS AND PROCEDURAL HISTORY**

20    Plaintiff was born on XXXX, 1972.[1] She has a high school diploma and some college

21 education, and has worked as a model, customer service representative, caterer, telemarketer, food

22

23    [1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

service worker, and U.S. Army trainee. (AR 50, 189, 716.)

Plaintiff applied for SSI in October 2010. (AR 137-45.) That application was denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 92-95, 99-105.)

On March 13, 2012, ALJ Stephanie Martz held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 43-68.) On March 30, 2012, the ALJ issued a decision finding Plaintiff not disabled. (AR 26-37.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on December 11, 2013. (AR 1-7.)

Plaintiff appealed this final decision of the Commissioner to this Court, which reversed the ALJ's decision and remanded for further administrative proceedings. (AR 760-76.) ALJ Martz held a hearing on May 7, 2015, taking testimony from Plaintiff and a VE. (AR 658-87.) ALJ Martz issued a decision on June 26, 2015, finding Plaintiff not disabled. (AR 818-42.) The Appeals Council assumed jurisdiction on March 30, 2016, and remanded the matter to a different ALJ for further proceedings. (AR 845-47.)

ALJ Larry Kennedy conducted a hearing on August 8, 2016, taking testimony from Plaintiff and a VE. (AR 688-723.) On November 23, 2016, ALJ Kennedy issued a decision finding Plaintiff not disabled. (AR 628-47.) The Appeals Council denied Plaintiff's request for review on June 19, 2017 (AR 608-14), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must

be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since her application date. (AR 630.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's affective disorders (variously diagnosed as bipolar, depressive, and mood disorders); anxiety disorders (variously diagnosed as anxiety and posttraumatic stress disorder); personality disorder; and history of alcohol dependence. (AR 630-31.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 631-34.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing a full range of work at all exertional levels, with additional limitations. She can perform simple, routine tasks and follow short, simple instructions. She can do work that needs little or no judgment and can perform simple duties that can be learned on-the-job in a short period. She requires a work environment with minimal supervisor contact. She can work in proximity to coworkers, but not in a cooperative or team effort. She requires a work environment that has no more than superficial interactions with coworkers. She cannot have public contact. Her work environment must be predictable and with few work setting changes. (AR 634.) With that assessment, the ALJ found Plaintiff unable to perform past relevant work as a telemarketer. (AR 646.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the VE's

assistance, the ALJ found Plaintiff capable of transitioning to other representative occupations, including box folder, truck washer, machine feeder, small products assembler, electronics worker, and electrical accessories assembler. (AR 646-47.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in discounting an opinion written by treating psychiatrist Tawnya Christiansen, M.D.[2] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

Dr. Christiansen's opinion

Dr. Christiansen began treating Plaintiff in September 2010, and completed a DSHS form opinion in March 2011 describing her symptoms and limitations. (AR 355-59.) All three ALJ decisions in this case have assigned little weight to Dr. Christiansen's opinion, and both of the prior remands (from this Court and the Appeals Council) have directed the ALJ to reconsider *inter alia* parts of Dr. Christiansen's opinion. (*See* AR 763-67, 845.)

---

[2] Plaintiff's opening brief also challenges the ALJ's RFC assessment/step-five findings, but only to the extent that the ALJ did not account for all limitations indicated by Dr. Christiansen. Dkt. 10 at 11. Accordingly, this issue need not be analyzed separately.

In the current ALJ decision under review, the ALJ provided several reasons to discount the social limitations assessed by Dr. Christiansen. Tr. 643-44. First, the ALJ found Dr. Christiansen's opinion that Plaintiff had marked or severe social limitations to be inconsistent with her own treatment notes, which document that she was usually cooperative and related well during appointments. Tr. 643. Second, the ALJ found the social limitations assessed by Dr. Christiansen to be inconsistent with Plaintiff's ability to attend an art group, socialize with friends and acquaintances, and travel across the country. *Id.* Third, the ALJ found that the longitudinal record contradicted Dr. Christiansen's opinion regarding Plaintiff's dissociation, distractibility, and irritability, because providers frequently described her as demonstrating cooperative, pleasant behavior with good eye contact; logical and organized thought processes; and intact memory and concentration. Tr. 643-44. Last, the ALJ found that Dr. Christiansen's opinion relied in part on Plaintiff's self-reporting, which was not entirely credible for reasons discussed elsewhere in the decision. Tr. 644.

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157

F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

The Court will address each of the ALJ's reasons for discounting Dr. Christiansen's opinion regarding Plaintiff's social limitations, in light of the applicable legal standards.

A.    <u>Inconsistency with Dr. Christiansen's treatment notes & reliance on self-reporting</u>

The ALJ found that the social limitations described by Dr. Christiansen were inconsistent with her own treatment notes, which routinely describe Plaintiff as cooperative and relating well during appointments. (AR 643.) This reason is supported by substantial evidence. (*See* AR 365, 371, 375, 383, 390, 514, 519, 524, 529, 534, 539, 544, 549, 563.)

Plaintiff argues that this reason was essentially rejected previously by this Court and by the Appeals Council, in the prior remands. Dkt. 10 at 4-5. Plaintiff is mistaken, because in prior ALJ decisions, the ALJ rejected Dr. Christiansen's opinion in light of the "longitudinal record" or "longitudinal mental health treatment history" generally, but did not cite any particular records that were inconsistent with the social limitations specifically. (*See* AR 33, 831-82.) Neither this Court nor the Appeals Council has previously found that specific objective findings within Dr. Christiansen's notes do not constitute a specific, legitimate reason to discount the social limitations she indicated. (*See* AR 766-67, 845.) Instead, the Court and the Appeals Council suggested that a general finding of inconsistency was insufficient, and the most recent ALJ decision provides a greater level of specificity.

Plaintiff also suggests that the ALJ erred in focusing on the normal objective findings, while failing to account for the abnormal findings that would support the social limitations. Dkt. 10 at 5-6. But the findings related to her mood cited by Plaintiff appear to reference her own self-

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

report, as recorded by Dr. Christiansen. (AR 365, 514, 519, 524, 529, 534, 539, 544, 563.) As found by the ALJ, because Plaintiff's self-report was discounted for reasons provided in the decision (and these findings are not challenged by Plaintiff), Dr. Christiansen's findings based on that self-report are likewise entitled to be discounted. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the district court noted, however, the treating physician's prescribed work restrictions were based on Bray's subjective characterization of her symptoms. As the ALJ determined that Bray's description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements."); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) ("The ALJ rejected Dr. Ngaw's opinion for lack of objective support, noting that Dr. Ngaw relied only on Tonapetyan's subjective complaints and on testing within Tonapetyan's control. Because the present record supports the ALJ in discounting Tonapetyan's credibility, as discussed above, he was free to disregard Dr. Ngaw's opinion, which was premised on her subjective complaints."). Thus, although Plaintiff reported experiencing *inter alia* irritability and mood problems to Dr. Christiansen, the ALJ did not err in discounting those self-reports and focusing on the behavior actually observed by Dr. Christiansen, which was largely normal. This reasoning supports the ALJ's assessment of Dr. Christiansen's opinion.

B.  <u>Inconsistency with Plaintiff's activities</u>

The ALJ cited examples of Plaintiff's social activities, which he found to contradict Dr. Christiansen's opinion that "fatigue, irritability, racing thoughts and distractibility" caused marked-to-severe social limitations. (AR 358, 643.) Specifically, the ALJ noted that Plaintiff attended a weekly women's art group until she moved, socialized with friends and celebrated birthdays monthly with other residents in her building, and traveled via airplane to South Carolina.

(AR 643.) Although the South Carolina trip does not necessarily reflect Plaintiff's ongoing social abilities, the other activities cited by the ALJ reasonably suggest that Plaintiff routinely retained more social functionality than described by Dr. Christiansen. As such, this reason supports the ALJ's assessment of Dr. Christiansen's opinion regarding social limitations. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity).

Plaintiff argues that even if these activities demonstrate that she can interact with other people on occasion, they do not demonstrate that she can socially function in a work environment. Dkt. 10 at 6. The ALJ cited the activities, however, as inconsistent with the extreme limitations described by Dr. Christiansen: she described Plaintiff as able to only "minimally interact" with other people (AR 358), and the social activities cited by the ALJ reasonably suggest that she retains more social capabilities than described. Accordingly, the ALJ did not err in finding Plaintiff's social activities to be inconsistent with Dr. Christiansen's limitations, or in discounting the opinion on that basis.

C.  Inconsistency with the longitudinal record

The ALJ noted that although Dr. Christiansen described Plaintiff as having problems with dissociation, distractibility, and irritability, providers "frequently described the claimant as having cooperative, pleasant behavior, with good eye contact, logical and organized thought processes, and intact memory and concentration." (AR 643 (citing AR 1488-91, 1494, 1557, 1559, 1566, 1568-72, 1575, 1581, 1583, 1585).) Inconsistency with the record is a specific, legitimate reason to discount a medical opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

Plaintiff argues that the ALJ erred in relying on treatment notes written by "other" sources, rather than acceptable medical sources, because she contends that treating notes from acceptable medical sources are entitled to more weight than "other" sources. Dkt. 10 at 7. She cites no authority to support this proposition, and the Court is not aware of any. There are cases holding that *opinions* from an acceptable medical source are entitled to more weight than an "other" source, but that is not the argument Plaintiff is making here. *See, e.g.*, *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). Although Plaintiff directs the Court's attention to examining source observations (Dkt. 10 at 7), the "other" source treatment notes cited by the ALJ are arguably more probative, because Plaintiff received treatment from "other" sources on a regular basis and those providers were therefore more familiar with Plaintiff.

Furthermore, although Plaintiff states that all of the acceptable medical sources entered mental status examination findings more serious than those found by "other" sources (Dkt. 12 at 2-3), she is mistaken. For example, Michael Sakuma, Ph.D., examined Plaintiff in November 2011 and recorded mostly normal findings on a mental status examination. (AR 506-07.) RA Cline, Psy.D., examined Plaintiff in January 2016 and again recorded mostly normal findings on a mental status examination. (AR 1593.) The Court therefore rejects Plaintiff's contention that the ALJ erred in citing "other" source treatment notes in referring to the longitudinal record.

Plaintiff also emphasizes that the ALJ did not state which portions of the longitudinal record *support* Dr. Christiansen's opinion. Dkt. 10 at 7-8. Plaintiff cites no authority requiring an ALJ to do so, however. An ALJ is obligated to explained why an opinion is *rejected*. *See* Social Security Ruling 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

Lastly, Plaintiff suggests that the ALJ erred in citing only treatment notes from 2014-2016, ignoring how her symptoms waxed and waned over the seven-year period that she claims to have been disabled. Dkt. 10 at 8. Plaintiff fails to acknowledge that the ALJ also cited treatment notes from Dr. Christiansen from 2010-11, as discussed earlier, and, moreover, Plaintiff does not cite any treatment notes from other periods demonstrating that the notes cited by the ALJ were taken out of context. The ALJ's decision in its entirety discusses the breadth of the voluminous record, notably the hospitalizations that Plaintiff suggests had been overlooked (Dkt. 12 at 3). (AR 638-39.)

As discussed herein, Plaintiff has not shown that any of the ALJ's reasons for discounting Dr. Christiansen's opinion lack the support of substantial evidence or are based on unreasonable interpretations of the record. Accordingly, the Court affirms the ALJ's assessment of Dr. Christiansen's opinion.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 26th day of January, 2018.

Mary Alice Theiler
United States Magistrate Judge